**UNITED STATES of America,**
**Appellee,**

v.

**Irvin DAVIDSON, Defendant–**
**Appellant.**

Nos. 04–2548–cr (L), 04–4727–cr(Con).

United States Court of Appeals,
Second Circuit.

March 13, 2007.

John W. Mitchell, New York, New York, for Appellant.

Barbara Guss, Assistant United States Attorney for the Southern District of New York (Michael Garcia, United States Attorney, John M. Hillebrecht, Assistant United States Attorney, of counsel), New York, New York, for Appellee.

PRESENT: Hon. WALKER, Hon. ROBERT D. SACK, Circuit Judges, Hon. GEORGE B. DANIELS, District Judge.*

## SUMMARY ORDER

The defendant, Irvin Davidson, was convicted, after a three-week jury trial, of 15 counts of wire fraud, money laundering, conspiracy to commit tax fraud, and income tax evasion. We subsequently affirmed his convictions by summary order. *United States v. Davidson,* 26 Fed.Appx. 64 (2d Cir.2001). In 2002, pursuant to a request under the Freedom of Information Act, the government produced 464 pages of documents from an FBI file in Houston relating to one of seven transactions underlying his conviction that had previously been thought to have been destroyed. Based on these newly discovered documents, Davidson filed a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure, arguing that much of the newly discovered evidence consisted of exculpatory evidence under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and that certain evidence showed that the government knowingly used perjurous testimony. The district court denied the motion, holding that only two of the documents were *Brady* material and that this suppressed evidence would not have materially altered the outcome of the trial. *United States v. Davidson,* 308 F.Supp.2d 461 (S.D.N.Y.2004). The district court further found that, to the extent government witnesses gave perjurous testimony, the government neither knew nor had reason to know that they did. *Id.* at 474. Davidson appeals.

"We review the District Court's decision to deny [a defendant's] Rule 33 motion[ ] for abuse of discretion, upholding findings of fact that were made in the course of deciding the motions unless they are clearly erroneous." *United States v. Stewart,* 433 F.3d 273, 295 (2d Cir.2006) (citing *United States v. Wong,* 78 F.3d 73, 78–79 (2d Cir.1996)). "A district judge's ruling is given deference because the judge presided over the trial and is in a better position than an appellate court to determine the probable effect of new evidence." *United States v. Rivas,* 377 F.3d 195, 199 (2d Cir.2004).

We have carefully reviewed all of the defendant's arguments. We now affirm the district court's decision for substantially the same reasons set forth in Judge McMahon's careful and thorough opinion. Accordingly, the judgment of the District Court is hereby AFFIRMED.

---

* The Honorable George B. Daniels, of the United States District Court for the Southern District of New York, sitting by designation.